## Aumick *v.* Smith, Appellant.

*Deed—Essentials of a deed—Changing course of descent—Intestate laws.*

Collateral heirs of a decedent do not divest their title to real estate of which their decedent died seized, intestate and without issue, by the execution of a paper during the lifetime of the decedent which released under certain contingencies, their interest in the decedent's estate, but which contained neither grantee, description of real estate, nor words of inheritance. Such a writing is wanting in the requisites of either a deed or a release.

Argued Feb. 20, 1912. Appeal, No. 288, Jan. T., 1911, by defendants, from judgment of C. P. Wyoming Co., Oct. T., 1910, No. 88, for plaintiffs on case tried by the court without a jury in suit of Wesley Aumick and Mary E. Whitwell v. Justus Smith, Executor of Susannah Aumick et al. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in Tunkhannock Borough.

The case was tried by TERRY, P. J., without a jury pursuant to the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Supreme Court.

*James Wilson Piatt*, with him *B. W. Lewis*, for appellants.—The paper in question conveyed an expectancy in William Aumick's estate to William Aumick and Susannah Aumick, his wife. It was an estate in entireties to William Aumick and his wife, and as he died before his wife the whole title and interest vested in his wife: Bramberry's Estate, 156 Pa. 628; Gillan v. Dixon, 65 Pa. 395; Alles v. Lyon, 216 Pa. 604; Young's Estate, 166 Pa. 645.

The use of the word "heirs" is not under all circumstances absolutely essential in order to convey a title to real estate in fee: Lemon v. Graham, 25 W. N. C. 339.

A deed of release, or quit-claim or confirmation is a valid instrument, although in fact it convey no interest in the land and have no other legal effect than to quiet the fears of the parties: Coleman v. Reynolds, 181 Pa. 317.

The release is under seal and is good had no consideration been shown: 34 Cyc. 1049; Schuylkill Nav. Co. v. Harris, 5 W. & S. 28.

If it was an assignment of an expectancy it was good: Caulfield v. VanBrunt, 173 Pa. 428; Kuhns's Estate, 163 Pa. 438; Power's Appeal, 63 Pa. 443; Collins's Appeal, 107 Pa. 590; Jordan v. McClure, 85 Pa. 495; East Lewisburg Lumber & Mfg. Co. v. Marsh, 91 Pa. 96; Ruple v. Bindley, 91 Pa. 296; Patterson v. Caldwell, 124 Pa. 455; Fritz's Est., 160 Pa. 156; Wilson's Est., 2 Pa. 325; Woodward's Est., 1 Chester County, 417.

*Asa S. Keeler* and *O. Smith Kinner,* for appellees.— The "paper" lacks all of the requisites of a valid deed of conveyance: Kirk v. King, 3 Pa. 436; Huss v. Morris, 63 Pa. 367; Grosvenor v. Cook, 8 Lack. Leg. News 205; Africa v. Trexler, 232 Pa. 493; Schrack v. Zubler, 34 Pa. 38; Bonaffon v. Peters, 134 Pa. 180; Lennig's Estate, 182 Pa. 485; Rapp v. Rapp, 6 Pa. 45; Smith's Estate, 210 Pa. 604; Kline v. Peiffer, 3 Berks County Leg. Journ. 240; Patterson v. Caldwell, 124 Pa. 455; Bayler v. Com. 40 Pa. 37; Jones v. Bland, 112 Pa. 176; Beam v. Gardner, 18 Pa. Super. Ct. 245; Mobley v. Bruner, 59 Pa. 481.

PER CURIAM, April 8, 1912:

This was an ejectment brought by the heirs of William Aumick who died intestate seised of the land against the devisees of his widow. The plaintiffs and their brother, William Aumick, were children of Andrew Aumick and in the settlement of their interests in the estate of their father, William Aumick and his wife executed and delivered to the plaintiffs a quit-claim deed

to certain land and the plaintiffs executed and delivered to him a writing as follows:

> "Know all men by these presents that we, Wesley Aumick and Mary E. Rice, in consideration of the remise and release to us by William Aumick of all his right, title and interest in and to the estate of Andrew Aumick, late of Eaton Township, deceased, and the joining in the deed therefor by Susannah Aumick, his wife, and the further sum of one dollar to us in hand paid, do hereby release and quit-claim any and all the interest we may, might or could have in the estate of said William Aumick as heirs-at-law if he should be deceased before the decease of his wife, the said Susannah Aumick."

Seven years after the date of this writing, William Aumick died intestate without issue and left to survive him a widow who died eight years later and who, by her will, gave all the residue of her estate to the defendants. Under the intestate laws the title to the land in question, on the death of William Aumick, vested in the plaintiffs, and they were entitled to recover unless their claim was defeated by the writing signed by them. We cannot give this effect to the writing, since it is wanting in the requisites of a deed or a release.

The judgment is affirmed.